IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LANCE LEE JAMES CASPER,

             Plaintiff,

v.

C.O. HUBNA and S.T.G. BENGER,

             Defendants.

OPINION AND ORDER

18-cv-910-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Lance Lee James Casper filed a civil action under 42 U.S.C. § 1983, contending that defendants C.O. Hubna and S.T.G. Benger, correctional officers at the Columbia Correctional Institution, violated his constitutional rights by refusing to give him a meal tray after his cellmate behaved inappropriately. His complaint is before the court for screening under 28 U.S.C. § 1915A. For the reasons below, I conclude that plaintiff's allegations do not support a constitutional claim against defendants. Accordingly, I will dismiss this case.

OPINION

Plaintiff alleges that on August 30, 2018, his cellmate acted sexually inappropriate toward a unit officer. Defendant Benger ordered that the trap on plaintiff's cell remain closed for the remainder of the night. As a result, plaintiff was denied his supper meal tray.

Plaintiff's allegations implicate the Eighth Amendment. The Eighth Amendment guarantees inmates the "minimal civilized measure of life's necessities," Townsend v. Fuchs,

1

522 F.3d 765, 773 (7th Cir. 2008), including a diet with adequate nutrition. Mays v. Springborn, 575 F.3d 643, 648 (7th Cir. 2009). However, the denial of food is not a per se violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." Reed v. McBride, 178 F.3d 849, 853 (7th Cir. 1999). In this instance, plaintiff's allegation that he was denied a single meal does not rise to the level of a constitutional violation. Jaros v. Illinois Dep't of Corrections, 684 F.3d 667, 671 (7th Cir. 2012) (prisoner's allegation that he was occasionally denied breakfast not sufficient to state an Eighth Amendment claim). Therefore, I will dismiss plaintiff's complaint for failure to state a federal claim upon which relief may be granted.

ORDER

IT IS ORDERED that this case is DISMISSED for plaintiff Lance Lee James Casper's failure to state a federal claim upon which relief may be granted. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g). The clerk of court is directed to enter judgment for defendants C.O. Hubna and Sergeant Benger and close this case.

Entered this 15th day of January, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge